IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROCHELLE Y. HUNTER,  )
 )
          Plaintiff,  )
 )
v.  )  No. 05-3309-CV-S-DW-SSA
 )
JO ANNE . BARNHART,  )
Commissioner of Social Security,  )
 )
          Defendant.  )

**ORDER**

Plaintiff Rochelle Y. Hunter seeks judicial review of the decision of the Commissioner of Social Security Administration denying her application for benefits under Title II of the Social Security Act. On March 8, 2005, the administrative law judge[1] ("ALJ") found Plaintiff was not disabled under the Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the Commissioner's decision for the reasons set forth below.

    I.    Standard of Review

The court's role on review is limited to determining whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough so that a reasonable mind find it adequate to support the conclusion. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). A court must consider not only evidence that supports the Commissioner's decision but also evidence that detracts from it. Id. If substantial evidence supports the

---

[1] The Honorable Martin F. Spiegel.

Commissioner's findings, a court must affirm, even if there is evidence that supports a contrary determination. Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). Thus, the Court will not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994).

II. Discussion

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. Plaintiff raises three errors, specifically that the ALJ (1) did not properly weigh the medical evidence in the record; (2) improperly found Plaintiff's alleged depression "non-severe"; and (3) improperly derived Plaintiff's RFC.

A. Medical Opinions

Plaintiff argues that the ALJ erred in his weighing of the various medical opinions in this case. Plaintiff first contends that the ALJ "dismissed" three treating physician's opinions—Drs. Encarnacion, Lippit and Robinson. (Pl. Brief at 17). The Court is unable to identify any passage in the ALJ's opinion indicating that he "dismissed" the opinion of any of the medical sources of record. Rather, the ALJ conducted a thorough analysis of the various conflicting opinions to reach his final determination. Indeed, the ALJ specifically states that opinions of Drs. Paul, Rethorst and Bisbey "taken together greatly outweigh the opinions of the other physicians." (Tr. 21.)

Plaintiff also argues that Dr. Lippitt is a treating physician and therefore his opinion is entitled to controlling weight. In support of his argument, Plaintiff contends that the ALJ failed to apply the tests found in Social Security Ruling 96-2p and 20 C.F.R. § 404.1527(d) to determine what weight to assign to the various medical opinions found in the record. The Court disagrees. The ALJ specifically found Dr. Lippitt's opinion to be inconsistent with the opinions

of Drs. Paul, Rethorst and Bisbey—a sufficient basis to refuse to give it controlling weight. Soc. Sec. Ruling 96-2p ¶ 4. Furthermore, the ALJ explicitly mentioned factors enumerated in 20 C.F.R. § 404.1527(d): examining relationship, treatment relationship (length, frequency, nature and extent), supportability, consistency, specialization, and other factors. (Tr. 21.) The ALJ considered these factors in evaluating the various medical opinions in the record. The Court finds that the ALJ properly weighed the medical opinions in the record and his evaluation is supported by substantial evidence on the record as a whole.

      B.     Severe Impairment

Plaintiff argues that the ALJ erred in determining Hunter's alleged impairment of depression to be non-severe. She argues that ALJ failed to follow the regulations and controlling case law—namely, Bowen v. Yuckert and Social Security Ruling 96-3p.

The evaluation of whether an impairment is severe is done at step two of the sequential evaluation process set out in 20 C.F.R. § 404.1520. An impairment is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities. Soc. Sec. Ruling 96-3p. The Supreme Court in Bowen v. Yuckert advised that "[o]nly those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking" the subsequent steps of the sequential evaluation process. 482 U.S. 137, 158 (1987) (citations omitted). However, symptoms alone will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence—signs and laboratory findings—that he or she has a medically determinable physical or mental impairment and that the impairment could reasonably be expected to produce the alleged symptoms. See Social Security Ruling 96-4p. Therefore, a determination that an individual's impairment is not severe requires a careful evaluation of the

medical findings that describe the impairment—the objective medical evidence and any impairment-related symptoms.

Here, the ALJ engaged in a lengthy discussion of the medical evidence in the record including the testimony of Plaintiff. The ALJ's analysis indicates the record is devoid of any objective medical evidence that Plaintiff suffers from depression. With the exception of testimony by Plaintiff and her husband that she has trouble sleeping and suffers from irritability, mood swings and crying spells, Plaintiff's allegation of depression rests entirely on a note by Dr. Encarnacion, a family practitioner, made during her initial examination, stating that Plaintiff's "affect is a little flat." (Tr. 328.) While the record indicates that Dr. Encarnacion refilled Plaintiff's Elavil prescription and gave her a sample of Effexor, there is no documentary evidence of an initial diagnosis of depression. The ALJ also noted that Ms. Hunter was never referred to a psychologist or psychiatrist and that her initial application for benefits did not reference depression. Furthermore, the ALJ properly discounted Ms. Hunter's subjective allegations in light of dramatic evidence of malingering in the record. Finally, the ALJ's failure to discuss Mr. Hunter's testimony is not error. See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (arguable deficiency of failing to specifically discredit witness has no bearing on outcome when the witness's testimony is discredited by the same evidence that proves claimant's claims not credible).

The Court finds the ALJ's "non-severe" determination is consistent with the governing regulations and case law and is supported by substantial evidence on the record as a whole.

C. Residual Functional Capacity

Plaintiff argues that the ALJ failed to properly derive her residual functional capacity ("RFC") under Social Security Ruling 96-8p. The Court disagrees. The current regulations make

clear that residual functional capacity is a determination based upon all the record evidence and that the record must include some medical evidence that supports the ALJ's finding. See 20 C.F.R. § 404.1545; Soc. Sec. Ruling 96-8p, at pp. 8-9; Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995). However, the ALJ is permitted to exclude those impairments and limitations he determines are not credible. See Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995). After review of the entire record, the Court finds the derived RFC to be based on a consideration of the entire record of evidence including all the medical evidence and testimony. The ALJ's determination of Plaintiff's RFC complied with the applicable regulations and is supported by substantial evidence on the record as a whole.

VI.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.


Date:  September 29, 2006                                          /s/ DEAN WHIPPLE
                                                                   Dean Whipple
                                                                   United States District Court